ISAAC MARTIN v. WILLIAM S. MILLER.

1. To constitute perjury the party must knowingly and wilfully swear falsely as to some matter material to the issue.
2. If perjury was committed by the party in denying any matter, it is not perjury the less because on cross examination or further examination he confessed or stated the matter which he had before denied.
3. To constitute a perjury the matter sworn to must be material to the issue.
4. Plff. to prove his character read part of the deposition of a witness who stated that he had never known his character impeached except in the present case. To invalidate this, the defd. should have been permitted to inquire whether he had not known it impeached in other cases.

APPEAL from the circuit court of Howard county.

Opinion of the court delivered by TOMPKINS, J.

This was an action of slander commenced by Miller against Martin in the circuit court. Martin filed a plea of justification and issue being joined, Miller had judgment in that court, and to reverse it, Martin appeals to this court. *Action of slander. Plea.*

Some of the evidence given on the trial of this cause by the defendant appears on the record, which we do not think it material to state, as it is not pretended there was not enough said to show that the defendant's counsel who seeks to reverse the judgment of the circuit court for refusing instructions prayed by him, had a right to demand such instructions from the court.

The plaintiff to prove his general character gave in evidence part of a deposition of a witness who, to the question put, answered that he had known Miller the plaintiff as a neighbor for the last six years, and had never known his character impeached only in the present case. The defendant then offered to read to the jury a part of the same deposition, in these words, viz: Question. Was William S. Miller never presented to the grant jury when you were a member of that body? Answer. He was presented for swearing falsely and acquitted by the grand jury. Question. "State what that false swearing was alleged to have consisted in, and on what occasion it took place? Answer. To the best of my recollection he was presented for swearing falsely about the tender of money for some town lots." The plaintiff's counsel objected to the admission of this latter evidence and the court sustaining his objection, the defendant's counsel excepted to the opinion of the court. *Evidence rejected and excepted to.*

The following instructions were asked by the plaintiff and given by the court: *Instructions to jury prayed by plff.*

Isaac Martin
v.
William S. Miller.

1st. "If the jury believe from the evidence that the plaintiff was not guilty of perjury as charged by the defendant, then they are bound by law to find for the plaintiff.

2nd. In order to find the plaintiff guilty of perjury, they must believe from the evidence that the plaintiff knowingly and wilfully swore falsely, in relation to some matter material to the issue between the plaintiff and defendant, in the case wherein the plaintiff testified in the court of the justice of the peace."

The counsel for the defendant excepted to the giving of these instructions and prayed the following to be given to the jury.

*Instructions to jury prayed by defd.*

1st. "If perjury was committed by the plaintiff in denying any matter, it is not perjury the less because on cross examination, or further examination of him, he confessed or stated the matter which he had before denied.

2nd. If the plaintiff as a witness before Justice Black in the trial of the cause stated in the defendant's plea, stated a matter which was false within his own knowledge, such statement is not the less perjury because such witness may on further examination or interrogation have admitted or stated such matters before denied." These instructions asked by the counsel of the defendant were refused by the court. Ought then, the instructions asked by the plaintiff's counsel to have been given, and those by the defendant's to have been refused, and did the circuit court err in excluding the testimony offered by the defendant as above mentioned?

*To constitute perjury the party must knowingly and wilfully swear falsely as to some matter material to the issue.*

To the first instruction asked by the plaintiff, no objection could be raised except that it was a waste of time to ask the court to instruct the jury to do their duty when they had already been sworn to do it.

The second instruction was very properly asked and given. In it the jury were informed in a concise and perspicuous manner what facts constituted perjury, and that those facts must be found before they can find a verdict against the plaintiff.

The circuit court then we think committed no error in giving these instructions.

*If perjury was committed by the party in denying any matter, it is not perjury the less because on cross examination or further exami-*

1st. To the first instruction asked by the defendant we see no objection. It is true it might have been couched in language more easily understood by those who are not lawyers, but the court had, on request of the plaintiff, before told the jury in what perjury consisted, and the plaintiff in the first instruction prayed by himself, had

MAY TERM
1835.

Isaac Martin
v.
William S. Miller.

used the same language, and he might moreover have asked the court to explain again the term perjury to them and although we could barely suppose that would have been necessary, yet there can be little doubt that the court would have taken on itself the trouble to give to the jury any explanation that could reasonably have been required. The circuit court then we think erred in refusing the defendant's first instruction.

2nd. The second instruction asked by the defendant requires the court to instruct the jury that if they find the plaintiff did as a witness before the justice in the trial of the cause stated in the defendant's plea, state a matter which was false within his own knowledge, such statement is not the less perjury because such witness may have on a further examination or interrogation have admitted or stated such matter by him before denied.

*nation he confessed or stated the matter which he had before denied. To constitute a perjury the matter sworn to must be material to the issue.*

To the giving of this instruction we think there is strong objection. It assumes that a witness in a cause swearing falsely and knowing that he is telling a falsehood is guilty of perjury. It is certainly a very scandalous breach of the moral law to swear thus—but such false swearing certainly does not constitute perjury unless the fact sworn to be material to the issue. But had the defendant qualified this instruction by asking the court to tell the jury that the matter sworn to must be also material to the issue, there would have been no other objection to it than, that the court had before told the jury, at his instance, the same thing in other terms. The court then we think did not err in refusing this last instruction. We have not pretended to regard the numbers assigned to these instructions by the counsel, because, as they asked several others about the giving or refusing of which there was no argument, we did not think it material to notice them.

It remains to be enquired, whether the court erred in excluding the part of the deposition offered in evidence by the defendant. The plaintiff first introduced this deposition, in which very improperly the witness states that he had never known the plaintiff's character impeached but in the present case. It was the right of the defendant to invalidate the testimony of such witnesses by asking if he had not on another occasion known his character called in question. And for any thing appearing to us this was another occasion. If, as is contended by the counsel for the plaintiff, the evidence went to the same fact and this too the subject matter of the cause now in litigation why not let it come out, and be explained.

*Plff. to prove his character read part of the deposition of a witness who stated that he had never known his character impeached except in the present case. To invalidate this, the defd. should have been permitted to enquire whether he had not known it impeached in other cases.*

7

MAY TERM      ed.   So in either case we think the defendant had a right
1835.         to read that part of the deposition; and that the circuit
              court erred in excluding it.   For this error then in ex-
Bumgardner    cluding the part of the deposition offered in evidence by
v.            the defendant, and for not giving the first instruction ask-
The circuit court.  ed by the defendant, its judgment is reversed and the
              cause remanded.