## Commonwealth v. Irvine.

*Theodore Rosen*, Assistant District Attorney, for Commonwealth.

*Bruce A. Metzger*, for defendant.

BARNETT, P. J., 41st judicial district, specially presiding, Oct. 31, 1930.—In the trial of an indictment for perjury, the evidence for the Commonwealth consisted of a transcript of the testimony of the defendant before Court of Common Pleas No. 5 upon his oral examination, under oath, to ascertain what property he owned out of which a judgment against him might be satisfied. In that proceeding he was asked what had become of a valuable stick pin and

watch he was known to have possessed. He answered that he had been held up by bandits and the jewelry stolen from him. Questioned as to certain pawn tickets for the same articles, he replied that the tickets had been mailed to him by the robbers. A question from the court whether he had notified the police of the robbery apparently made him realize the difficulty of his position, and he then admitted that his story of the hold-up was untrue and that he himself had pawned the jewelry.

When the Commonwealth rested its case, the defendant, without offering any testimony, demurred to the evidence.

The record presents an extreme case for the application of the rule that false testimony, if corrected by the witness before the termination of the proceeding in which it is uttered, is not punishable as perjury. In the first part of the defendant's testimony there is no possibility of mistake or misunderstanding, of mere exaggeration or incomplete statement of the truth. In the phrase of Sir Edward Coke, he swore "willfully, absolutely and falsely in a matter material to the issue or point in question." His later admission of the truth was not the result of a voluntary repentance, but was forced from him by the manifest impossibility of successful persistence in an incredible tale. The rule, however, which is followed almost without exception is not concerned with the witness's reason for changing his testimony. Its purpose is to leave open to him the opportunity, for any reason, to turn to the truth without fear that by so doing he will expose himself to the penalties of perjury. This purpose is well stated in the leading case of People v. Gillette, 126 N. Y. App. Div. 665: "Even if it be assumed that the answers were false and made with the intention of misleading or deceiving, an indictment for perjury could not be predicated thereon, inasmuch as immediately thereafter he fully explained the nature of the account and the source from which the fund came. A judicial investigation or trial has for its sole object the ascertainment of the truth that justice may be done. It holds out every inducement to a witness to tell the truth by inflicting severe penalties upon those who do not. This inducement would be destroyed if a witness could not correct a false statement except by running the risk of being indicted and convicted for perjury." In People v. Brill, 100 N. Y. Misc. 92, 165 N. Y. Supp. 65, it is said: "The law encourages the correction of erroneous and even intentionally false statements on the part of a witness and perjury will not be predicated upon such statements when the witness, before the submission of the case, fully corrects his testimony." To the same effect are the cases of Brannen v. State, 94 Fla. 656, citing the foregoing cases, and also Com. v. Shooshanian, 96 N. E. Repr. 70, 24 Ann. Cas. 1073; Bishop on Criminal Law (9th ed.), § 1044A; Henry v. Hamilton, 7 Blackford Ind. Rep. 506. In 48 Corpus Juris, page 828, § 22, the rule is stated as follows: "Perjury will not be predicated upon false statements corrected before submission of the case in which made, especially where the statement as originally made was more incomplete than literally untrue. Even a bona fide but incompleted attempt to correct false testimony may show absence of the criminal intent essential to perjury." The English authorities are to the like effect. See Roy v. Carr, 1 Sid. 418; Edwards v. M'Leay, 2 Ves. & B. 259; Rex v. Jones, Peake, 37. There seems to be no Pennsylvania decision directly in point, the nearest, perhaps, being the case of Com. v. Latsch, 11 Lehigh Co. L. J. 457, which holds that "a conviction of perjury cannot be sustained merely on the contradictory sworn statements of the defendant in the same record." A paragraph on page 269 of 21 Ruling Case Law, which reads, "Nor does the fact that the witness in the same trial on cross or further examination admitted the truthfulness of what he had pre-

viously falsely denied obviate the charge of perjury," in connection with which is cited the case of Martin *v.* Miller, 4 Mo. 47, seems to be inconsistent with the great weight of authority and with a wise policy of the law.

And now, Oct. 31, 1930, the defendant's demurrer to the evidence is sustained and the defendant is discharged.